UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　Plaintiff,<br>v.<br>ULISSIS JAVIER ZAMORA-VELARDE,<br>　　　　　Defendant. | Case No.: 3:11-cr-03326-BEN-1<br><br>**ORDER DENYING AS MOOT DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE UNDER THE FIRST STEP ACT, 18 U.S.C. § 3582(c)(1)(A)**<br><br>[ECF No. 89] |

## I.   INTRODUCTION

Before the Court is Ulissis Javier Zamora-Velarde's motion for compassionate release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A).  Defendant asserted that his circumstances are exceptional in that his aging parents need his assistance as a caregiver.  Federal Defenders, Inc., has been appointed to represent Defendant for purposes of this motion.

## II.   BACKGROUND

On August 30, 2012, the Court sentenced Defendant to custody for a term of 168 months for conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846.  On December 1, 2017, Defendant filed a Motion for a Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) based on a guideline sentencing range that had been lowered and made retroactive.  The Court reduced Defendant's sentence from 168 months to 152 months.

According to a Status Report provided by his attorney, Defendant is approaching the end of his custodial sentence and is no longer housed at the federal prison in Victorville, California. Defendant is currently at a halfway house. "According to BOP's inmate locater, Mr. Zamora has been transferred to an undisclosed halfway house." ECF No. 102 at 1.

### III.   DISCUSSION

The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases. *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983); *NAACP., Western Region v. City of Richmond*, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481 (1984). When a prisoner is released from custody, his motion for compassionate release becomes moot because there is no further relief this Court can provide. *See e.g., United States v. McCain-Bray*, No. 2:16cr00224-KJD-CWH, 2021 WL 5501103, at *1 (D. Nev. Nov. 23, 2021) (motion for compassionate release rendered moot when defendant was released from prison and transferred to a residential reentry center); *United States v. Makerson*, No. 1:04cr0064-MR-WCM-1, 2021 WL 4314464, at *1 (W.D.N.C. Sept. 22, 2021) ("Given that the Defendant has now been released from Butner Low and has been transferred to a halfway house, it appears that the basis for his compassionate release request is now moot and should be denied on this basis alone."); *but see United States v. Tarabein*, No. 17cr0090-KD-B, 2021 WL 5181309 (S.D. Ala. Nov. 8, 2021) (denying compassionate release on merits while defendant released by BOP on home confinement); *United States v. Mathews*, No. CR 20-40029, 2021 WL 4523588 (D. S.D. Oct. 4, 2021) (same).

Based on his attorney's report that Defendant is now at a halfway house, this motion is moot. Moreover, even if the motion is not moot due to his transfer to a halfway house, the status report also suggests Defendant is no longer interested in pursuing his motion. The report indicates that Defendant did not want to discuss his

Case 3:11-cr-03326-BEN   Document 103   Filed 12/17/21   PageID.310   Page 3 of 3

motion in a scheduled telephone visit with his attorney and declined to talk with his attorney.  It also notes that Defendant has not responded to his attorney's follow-up letter.  Thus, it appears that Defendant no longer wants to pursue the motion, and thus, the motion is now moot.

**IV.  ORDER**

For the reasons set forth above, IT IS ORDERED that the motion be denied without prejudice.

**IT IS SO ORDERED.**

DATED:   December 17, 2021

**HON. ROGER T. BENITEZ**
United States District Judge

-3-

3:11-cr-03326-BEN-1